Mickel M. Arias, Esq. (SBN 115385)
mike@aswtlawyers.com
Arnold C. Wang, Esq. (SBN 204431)
arnold@aswtlawyers.com
Isaac Manoff, Esq. (SBN 347528)
isaac@aswtlawyers.com
**ARIAS SANGUINETTI WANG & TEAM LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MONDONA MAJIDI-AHY individually and on behalf of all others similarly situated,

Plaintiff,

v.

CLASSPASS, INC., a Delaware corporation with its principal place of business in New York; MINDBODY, INC., a Delaware corporation with its principal place of business in California; VISTA EQUITY PARTNERS MANAGEMENT, LLC, a Delaware limited liability company with its principal place of business in Texas; and DOES 1 THROUGH 10,

Defendants.

CASE NO.

CLASS ACTION COMPLAINT FOR:

1. RESCISSION
2. UNJUST ENRICHMENT
3. DECLARATORY RELIEF
4. UNFAIR AND DECEPTIVE BUSINESS PRACTICES [CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, ET SEQ.]
5. UNFAIR COMPETITION [CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ.]

JURY TRIAL DEMANDED

Plaintiff Mondona Majidi-Ahy ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself



ARIAS SANGUINETTI WANG & TEAM LLP

and her counsel, which are based on personal knowledge.

## INTRODUCTION

1. This consumer class action challenges ClassPass, Inc.'s ("ClassPass") unlawful practice of imposing financial penalties on customers when they miss classes they had already paid for in full. ClassPass operates a subscription fitness platform where users pay monthly fees for credits to book classes at partner studios. When users book a class, ClassPass immediately deducts their credits and treats the transaction as complete—subscribers who attend their booked classes pay nothing additional. Yet when subscribers miss classes due to illness, emergencies, or other unavoidable circumstances, ClassPass imposes additional "missed reservation fees" ranging from $12 to $65. These additional charges create a punitive fee structure where customers who miss classes pay more than those who attend and receive the full benefit of their subscription.

2. These penalties violate California Civil Code § 1671(d) and New York contract law because ClassPass suffers no compensable harm when customers miss classes—the fees serve no legitimate purpose other than to penalize non-attendance. By imposing these unlawful penalties, ClassPass has collected millions of dollars from subscribers nationwide, unjustly enriching itself through penalties that serve no legitimate business purpose. This action seeks to end this unlawful practice and restore the illegally collected fees to the consumers who paid them.

## PARTIES

3. Plaintiff Mondona Majidi-Ahy ("Plaintiff") is an individual over the age of 18 and a citizen of the State of California, residing in Los Angeles County. Plaintiff has been a paying subscriber to ClassPass since December 6, 2021.

4. Defendant ClassPass, Inc. ("ClassPass") is a Delaware corporation with its principal place of business in the City of New York, the State of New York. ClassPass operates a fitness subscription platform through which consumers can book classes at third-party fitness studios using a system of credits. ClassPass

ARIAS SANGUINETTI WANG & TEAM LLP

conducts substantial business throughout the State of California, including in Los Angeles County, and is registered to do business in California.

5. Defendant Mindbody, Inc. ("Mindbody") is a Delaware corporation with its principal place of business in the City of San Luis Obispo, State of California. Mindbody is the parent company of ClassPass, Inc., and exercises control over ClassPass's policies and practices, including those challenged in this action. Mindbody also markets and distributes fitness-related technology and services in California and throughout the United States.

6. Defendant Vista Equity Partners Management, LLC ("Vista") is a private equity firm organized under the laws of Delaware with its principal place of business in the City of Austin, State of Texas. Vista owns and controls Mindbody, Inc., and through it, ClassPass, Inc. Vista is responsible for setting and overseeing the corporate strategies and practices challenged herein. Vista conducts substantial business in California, including within this District.

7. The true names and capacities, whether individual, corporate, partnership, associate or otherwise of DEFENDANT Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these DEFENDANTS by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 10, inclusive, when they are ascertained.

8. Plaintiff is informed and believes, and based upon that information and belief alleges, that the DEFENDANTS named in this Complaint, including Does 1 through 10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) the proposed Class consists of more than 100 members; (2) the parties are minimally

diverse, as members of the proposed Class, including Plaintiff, are citizens of states different from Defendants' home states; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Based on ClassPass's reported user base, annual revenue, and the frequency of missed reservation fees, Plaintiff estimates the aggregate damages exceed $25 million.

10. This Court has personal jurisdiction over Defendant ClassPass, Inc. because it is registered to do business in California, regularly conducts business throughout California, maintains systematic and continuous contacts with California, and has sufficient minimum contacts with California to satisfy due process. Furthermore, Defendant ClassPass, Inc. has purposefully availed itself of the benefits and protections of California by directing its activities to California residents, including Plaintiff.

11. This Court has personal jurisdiction over Defendant Mindbody, Inc. because it is headquartered in San Luis Obispo, California, and maintains its principal place of business in California. Mindbody, Inc. also systematically and continuously conducts business throughout California.

12. This Court has personal jurisdiction over Defendant Vista Equity Partners Management, LLC because it conducts substantial business in California, owns and controls Mindbody, Inc., a California-based company, and therefore purposefully avails itself of the privilege of doing business in California. Vista's control over Mindbody and ClassPass's corporate strategies and practices, including those challenged in this action, creates minimum contacts sufficient to satisfy due process requirements.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because: (1) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's use of ClassPass services and incurrence of the challenged fees; (2) Plaintiff resides in this District; and (3) Defendants are subject to personal jurisdiction in this District, and therefore "reside"

in this District for purposes of venue.

## GENERAL ALLEGATIONS

14. On December 6, 2021, Plaintiff Mondona Majidi-Ahy ("Mondy") signed up for ClassPass, attracted by its promise of flexibility and variety in fitness options. Like many consumers, she valued the convenience of accessing numerous fitness studios through a single subscription.

15. ClassPass operates through a tiered subscription model. In Los Angeles where Plaintiff resides, subscription options range from $19 per month for eight (8) credits to $299 per month for 150 credits. Plaintiff subscribes to the $89 per month plan for 43 credits. Similar tiered plans are offered to consumers nationwide.

16. These credits function as currency within the ClassPass system. Users redeem them to book fitness classes, with varying credit costs based on class popularity and timing. While ClassPass allows some credit rollover, it limits any credit to the equivalent of the member's monthly plan, with additional unused credits being forfeited.

17. Plaintiff generally enjoys using ClassPass to discover new fitness options, book classes that interest her, and manage her fitness routine through a single platform. The standard booking process is straightforward: she selects a class, ClassPass deducts the required credits from her account, and she attends the session.

18. Plaintiff is informed and believes, and based upon that information and belief alleges, that when a user books a class, ClassPass deducts the user's credits and treats the reservation as complete at the time of booking—regardless of whether the subscriber ultimately attends the class.

19. Despite what is otherwise a logical and consumer-friendly prepayment credit system, ClassPass's model contains an unlawful feature: additional charges when subscribers cannot attend booked classes that have already been paid for in full at the time of booking.

20. In February 2024, when Plaintiff was unable to attend a class due to

circumstances such as traffic or illness, she discovered an additional $17 "missed reservation fee" charged to her account. The same fee appeared on May 1, 2024, August 26, 2024, and January 30, 2025, when understandable everyday disruptions—such as unexpected work emergencies, transportation delays beyond her control, and family obligations—made it impossible for her to attend her scheduled classes. As a ClassPass member since December 2021, Plaintiff believes she incurred similar charges on other occasions that she has not yet discovered.

21. Although ClassPass represented that it would "return" credits when charging these missed reservation fees, Plaintiff did not receive any returned credits. Even if ClassPass had returned the credits as promised, the missed reservation fee would still constitute an unlawful penalty because ClassPass suffers no damages when a subscriber misses a pre-paid class. In Plaintiff's case, she suffered a double penalty—losing both the credits she had already paid for and being charged an additional fee for the same missed class

22. Plaintiff is informed and believes, and based upon that information and belief alleges, that ClassPass routinely imposes similar missed reservation fees on subscribers nationwide, with amounts ranging from $12 to $65 depending on the studio and location. These fees vary significantly despite ClassPass incurring no additional costs when a member misses a class, as the subscriber has already paid through the credit system at the time of booking. In all cases, ClassPass has already been fully compensated through the pre-payment subscription model, making these additional fees unrelated to any actual damages ClassPass would incur. Subscribers who attend their classes pay no additional fees beyond their monthly subscription and credit redemption.

23. In essence, ClassPass's missed reservation fee structure creates a penalty system where subscribers who miss their reserved classes pay more than those who attend and receive the full benefit of their subscription—precisely the type of punitive contract provision that is void and unenforceable under both California



ARIAS SANGUINETTI WANG & TEAM LLP

and New York law.

24. The missed reservation fee provisions appear in ClassPass's standard Terms of Service, which are presented to consumers as a condition of using the service. Subscribers cannot opt out of or modify these provisions.

25. As of October 2024, ClassPass users have booked over 248 million reservations worldwide. Given the typical occurrence of missed classes due to everyday circumstances, the missed reservation fee policy affects a substantial number of bookings and generates significant unlawful profit and ill-gotten gains for ClassPass.

26. Plaintiff brings this action on behalf of herself and similarly situated ClassPass subscribers who paid missed reservation fees that operate as unenforceable penalties under New York and California contract law.

27. The laws of California and New York apply to this action because ClassPass is headquartered in New York and operates under New York law, while California law applies to the California Subclass. Both jurisdictions prohibit penalty clauses that do not reasonably estimate actual damages.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following Classes (collectively, the "Class" or "Class Members"):

**Nationwide Class:**

All persons in the United States who, within the applicable statute of limitations, while subscribed to ClassPass, were charged a missed reservation fee for failing to attend a scheduled class.

**California Subclass:**

All persons in California who, within the applicable statute of limitations, while subscribed to ClassPass, were charged a missed reservation fee for failing to attend a scheduled class.

29. Excluded from the Class and Subclass are: (1) ClassPass, Inc., Mindbody, Inc., Vista Equity Partners Management, LLC, and any entity in which any of these Defendants have a controlling interest, and their officers, directors, legal representatives, successors, subsidiaries, and assigns; (2) any judicial officer presiding over this matter, members of their immediate families, and members of their judicial staff; and (3) Plaintiff's counsel, their employees, and their immediate families.

30. Plaintiff reserves the right to amend the Class definitions if discovery or further investigation reveals that the Classes should be expanded, divided into additional Subclasses, or modified in any way.

**A. Numerosity (Fed. R. Civ. P. 23(a)(1))**

31. The Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and based upon that information and belief alleges, that ClassPass has millions of subscribers across the United States, with hundreds of thousands in California alone. Based on ClassPass's own public statements about its user base and the frequency of missed classes, Plaintiff estimates that the proposed Class includes hundreds of thousands of members, if not millions.

32. The precise number of Class members can be readily determined from ClassPass's business records, as ClassPass maintains detailed electronic data tracking each subscriber, each reservation, each missed class, and each fee charged. The identity and contact information of Class members is within ClassPass's business and financial records.

**B. Commonality and Predominance (Fed. R. Civ. P. 23(a)(2) and 23(b)(3)**

33. There are numerous questions of law and fact common to the Class, and those questions predominate over any questions affecting only individual Class members. The common factual and legal questions include, but are not limited to:

a) Whether ClassPass's missed reservation fee is a liquidated damages provision under California Civil Code § 1671(d);

b) Whether ClassPass's missed reservation fee is void under California Civil Code § 1671(d);

c) Whether ClassPass's missed reservation fee is void under New York law;

d) Whether ClassPass's fee structure unlawfully penalizes subscribers who miss classes by making them pay more than those who attend and receive full benefits

e) Whether ClassPass suffers any damages when subscribers miss classes;

f) Whether ClassPass is fully compensated at the time of booking, regardless of whether the subscriber attends the class;

g) Whether ClassPass's subscription and credit model causes users to effectively pay multiple times for the same class when they miss a reservation;

h) Whether ClassPass is unjustly enriched by collecting missed reservation fees while already having been fully compensated through subscription payments and credit redemption;

i) Whether ClassPass provides any actual value or service in exchange for the missed reservation fee;

j) Whether the imposition and amount of the missed reservation fee bear any reasonable relationship to any actual loss incurred by ClassPass;

k) Whether ClassPass's practices constitute unlawful business practices in violation of California Business & Professions Code §§ 17200, et seq.;

l) Whether ClassPass should be required to make restitution, disgorge profits, or pay damages to Class members;

m) Whether injunctive or declaratory relief prohibiting the enforcement of ClassPass's missed reservation fee is appropriate.

34. These and other questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members.

**C. Typicality (Fed. R. Civ. P. 23(a)(3))**

35. Plaintiff's claims are typical of the claims of the Class because she, like all Class members, subscribed to ClassPass, booked classes using her prepaid credits, missed one or more reserved classes, and was charged missed reservation fees despite ClassPass having already been fully compensated at the time of booking.

36. Plaintiff's injuries arise from the same course of conduct that gives rise to the claims of other Class members. Plaintiff and all members of the Class were injured in the same manner by ClassPass's uniform practice of charging missed reservation fees that constitute unenforceable penalties under California and New York law.

37. If brought individually, the claims of each Class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

**D. Adequacy (Fed. R. Civ. P. 23(a)(4))**

38. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to or in conflict with the interests of other Class members.

39. Plaintiff has retained competent and experienced class action attorneys who are committed to prosecuting this action vigorously on behalf of the Class. Plaintiff's counsel have significant experience in consumer protection litigation, class actions, and complex commercial litigation.

40. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests adverse to those of the Class.

**E. Superiority (Fed. R. Civ. P. 23(b)(3))**

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a) The financial harm suffered by most individual Class members is



ARIAS SANGUINETTI WANG & TEAM LLP

relatively small compared to the burden and expense that would be required to separately litigate their claims against ClassPass, making it impracticable for Class members to individually seek redress for ClassPass's wrongful conduct.

b) Even if Class members could afford individual litigation, the court system could not. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court;

c) Given the relatively modest size of individual Class members' claims and the uniformity of the issues, the expense and burden of individual litigation would make it impracticable for Class members to seek individual redress for ClassPass's wrongful conduct;

d) Without a class action, ClassPass will likely retain the benefits of its wrongdoing and continue its unlawful conduct, which will result in further damages to Plaintiff and the Class. Plaintiff and the Class members have suffered harm and will continue to suffer harm as a result of ClassPass's unlawful and unfair conduct.

**F. Rule 23(b)(2) Requirements (Injunctive and Declaratory Relief)**

42. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because ClassPass has acted or refused to act on grounds generally applicable to the Class as a whole, such that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

43. ClassPass continues to enforce its missed reservation fee policy uniformly as to all subscribers despite the fee being an unenforceable penalty under California and New York law. The Class therefore seeks an injunction prohibiting

ClassPass from continuing to impose these unlawful fees on Class members.

44. Because ClassPass's actions apply generally to the Class as a whole, the injunctive relief sought will benefit the entire Class. As such, Class-wide declaratory and/or injunctive relief is appropriate.

**FIRST CLAIM FOR RELIEF**

**FOR RESCISSION AND RESTITUTION**

**[New York Common Law]**

**(On Behalf of Plaintiff and the Nationwide Class Against All Defendants)**

45. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. Paragraph 19(a) of the ClassPass Terms of Use provides that "These Terms shall be governed in all respects by the laws of the State of New York, without regard to conflict of law provisions…" Plaintiff contests the enforceability of the separate arbitration provision but, consistent with New York and California severability principles, alleges that the governing-law clause is independent, survives any severance of the arbitration paragraph, and therefore requires application of New York substantive law to the challenged missed-reservation-fee provision.

47. Should the governing-law clause be deemed unenforceable, Plaintiff pleads in the alternative that New York law would still apply under California's governmental-interest conflicts test, because the missed-reservation fee was conceived, priced, and administered at ClassPass's headquarters in New York and no other state has a materially greater interest in the issue. Accordingly, New York contract law governs this cause of action for all Class members.

48. Pursuant to Federal Rule of Civil Procedure 8(d)(2), Plaintiff pleads rescission and restitution in the alternative to her claims for damages under the law and will elect a remedy at the appropriate stage.

ARIAS SANGUINETTI WANG & TEAM LLP

49. A valid contract existed between ClassPass and each Class member: subscribers paid monthly consideration for credits and the right to book partner-studio classes under the Terms of Use.

50. Plaintiff and the Class fully performed their material obligations by paying subscription fees, following booking rules, and tendering credits at the time each reservation was made.

51. Under New York law a contractual charge is unenforceable if it constitutes an unreasonable penalty rather than a valid liquidated-damages provision. See *Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 424–26 (1977).

52. The "Missed Reservation Fee" is an unenforceable penalty. When a subscriber books a class, ClassPass deducts the applicable credits and treats the transaction as complete. ClassPass is fully compensated at that point through the subscriber's prepaid credits and monthly fee—regardless of whether the class is later attended. Because ClassPass receives full payment up front and incurs no additional loss when a class is missed, there are no damages to forecast or compensate. The missed reservation fee therefore lacks any basis in actual or anticipated loss and functions solely as a penalty, in violation of New York law.

53. Because the clause is void, Plaintiff and the Class may elect rescission of that provision—or, if deemed integral, rescission of the entire Terms of Use—and may recover all monies paid under the unlawful clause.

54. Legal remedies are inadequate in that, absent equitable relief, the unlawful clause will remain in every subscriber contract and continue to cause future harm; rescission coupled with restitution most completely restores Class members to the status quo ante.

55. Plaintiff, on behalf of herself and the Nationwide Class, seeks the following: (a) a declaration that the Missed Reservation Fee is an unenforceable penalty under New York law; (b) an order rescinding the Missed Reservation Fee

clause (or, if necessary, rescinding the Terms of Use in their entirety as to Plaintiff and the Class); (c) restitution and disgorgement of all Missed Reservation Fees collected from the Class, together with pre- and post-judgment interest; and (d) injunctive relief prohibiting Defendants from assessing, collecting, or attempting to enforce the Missed Reservation Fee.

**SECOND CLAIM FOR RELIEF**

**FOR UNJUST ENRICHMENT**

**[New York Common Law]**

**(Plaintiff and the Nationwide Class Against All Defendants)**

56. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. As a result of charging missed reservation fees ranging from $12 to $65 to Plaintiff and Class members, Defendants have received money that in equity and good conscience belongs to Plaintiff and Class members.

58. Defendants have been unjustly enriched at the expense of Plaintiff and Class members because:

a) Defendants suffer no actual damages when members miss classes;

b) Defendants receive the benefit of member subscription fees whether or not members attend classes;

c) Defendants have already processed and received the value of members' credits at the time of booking;

d) Defendants save operational costs when members don't attend classes; and

e) Defendants collect additional cash fees despite having already received full value from the user’s monthly payment and credited booking

f) These fees constitute unenforceable penalties that are void and prohibited under both California and New York law.



ARIAS SANGUINETTI WANG & TEAM LLP

ARIAS SANGUINETTI WANG & TEAM LLP

59. Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and Class members because Defendants have been unjustly enriched by the collection of missed reservation fees.

60. Plaintiff, on behalf of herself and all others similarly situated, seeks restitution of all missed reservation fees paid to Defendants, with interest thereon, and disgorgement of all profits derived by Defendants from their collection of these unlawful fees.

**THIRD CLAIM FOR RELIEF**

**FOR DECLARATORY RELIEF**

**[28 U.S.C. § 2201; Fed. R. Civ. P. 57]**

**(On behalf of Plaintiff and the Nationwide Class Against all Defendants)**

61. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62. An actual, present, and justiciable controversy exists between the parties. Plaintiff contends that the "Missed Reservation Fee" provision in the ClassPass Terms of Use is void and unenforceable as an unlawful penalty; Defendants contend the provision is valid and continue to impose and collect the fee from subscribers nationwide.

63. Plaintiff and every Class member have been, and absent judicial relief will continue to be, subject to Defendants' uniform policy of assessing and attempting to collect the Missed Reservation Fee, exposing them to ongoing financial harm.

64. A declaratory judgment will settle the legal issues in dispute and clarify the respective rights and obligations of the parties. Such relief is therefore appropriate under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

65. Accordingly, Plaintiff, on behalf of herself and the Nationwide Class, seeks a judgment declaring that:

a) the Missed Reservation Fee provision is an unenforceable penalty under New York common law (or, for the California Subclass, under California Civil Code § 1671(d));

b) Defendants have no legal right to assess, collect, or attempt to enforce that fee; and

c) all sums already collected under the provision are subject to restitution.

66. Plaintiff further seeks such other and additional relief, including costs and attorneys' fees where permitted, as the Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**

**FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES**

**[Consumers Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq*.]**

**(Plaintiff and the California Subclass Against All Defendants)**

67. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68. Plaintiff brings this cause of action on behalf of herself and the members of the California Subclass.

69. "Services," as defined by the Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1761(b) and used herein, means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods. The ClassPass subscription and reservation services fall within the ambit of this definition.

70. Defendants are "Persons" as that term is defined by the CLRA, CAL. CIV. CODE § 1761(c). The corporate Defendants are in the business of selling fitness class subscription and reservation services to consumers.

71. Plaintiff, and the members of the California Subclass, are "Consumers" which, as defined by the CLRA, CAL. CIV. CODE § 1761(d) and used herein, means individuals who seek or acquire, by purchase or lease, any goods or services



ARIAS SANGUINETTI WANG & TEAM LLP

for personal, family, or household purposes.

72. By engaging in the actions, representations and conduct set forth herein, Defendants have violated, and continue to violate, sections 1770(a)(5), 1770(a)(14), and 1770(a)(19) of the CLRA. In violation of CAL. CIV. CODE § 1770(a)(5), Defendants' acts and practices constitute improper representations that the services they sell have characteristics, uses, or benefits, which they do not have. In violation of CAL. CIV. CODE § 1770(a)(14), Defendants' acts and practices constitute improper representations that transactions conferred or involved rights, remedies, or obligations which they did not have or involve, and which are prohibited by law. In violation of CAL. CIV. CODE § 1770(a)(19), Defendants have inserted an unconscionable provision in the contract.

73. Specifically, Defendants' acts and practices lead consumers to believe that the missed reservation fees are legitimate liquidated damages provisions, when in reality, they are unconscionable penalty provisions prohibited by California law. The missed reservation fee provisions are unconscionable because:

a) They are contained in adhesion contracts presented to consumers on a take-it-or-leave-it basis with no opportunity for negotiation;

b) They create a significant imbalance in the parties' rights and responsibilities, forcing consumers to pay substantial additional fees for classes they were already charged for but did not attend;

c) They operate as undisclosed penalty provisions that bear no relation to any actual damages suffered by Defendants, which is already fully compensated at the time of booking;

d) The fees range arbitrarily from $12 to $65 with no relation to any measurable impact or actual economic loss;

e) They create a penalty system where consumers who miss classes pay more than those who attend and receive the full benefit of their subscription;



ARIAS SANGUINETTI WANG & TEAM LLP

ARIAS SANGUINETTI WANG & TEAM LLP

f) Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants frequently fail to actually return the promised credits after charging the missed reservation fee, effectively creating a "pay three times" scheme where consumers pay: (1) the original subscription fee for the credits, (2) forfeit those credits when they miss a class, and (3) are charged an additional cash penalty, all for a service they never received; and

g) They lack any commercial justification other than to generate additional profit by extracting revenue from subscribers at the moment they receive nothing in return.

74. Plaintiff, and the members of the California Subclass, relied upon Defendants' misrepresentations, and at all times believed that they were agreeing to legitimate contract terms, when in fact the missed reservation fee provisions constitute unenforceable penalties and unconscionable terms prohibited by California law.

75. Pursuant to CAL. CIV. CODE § 1782(d), Plaintiff seeks, on behalf of herself and the California Subclass, injunctive relief under the specific provisions of Section 1770 without compliance with the 30-day notice requirement of subdivision (a). Plaintiff will comply with the notice requirements of subdivision (a) no less than 30 days after commencement of this action and may thereafter amend this complaint without leave of court to include a request for damages.

76. Pursuant to CAL. CIV. CODE § 1780, Plaintiff seeks judicial orders of an equitable nature, including, but not limited to, an order enjoining Defendants from engaging in the conduct complained of herein.

77. Subject to Plaintiff's compliance with the notice requirements of California Civil Code § 1782(a) and subsequent amendment of this complaint, Defendants should be required to disgorge and restore to Plaintiff and the California Subclass all monies wrongfully obtained by Defendants as a result of their violations

of the CLRA, together with interest thereon, so as not to be unjustly enriched by their own wrongful actions and conduct.

78. Subject to Plaintiff's compliance with the notice requirements of California Civil Code § 1782(a) and subsequent amendment of this complaint, Plaintiff and the California Subclass are entitled to exemplary and punitive damages against Defendants sufficient to punish Defendants and deter this type of conduct in the future. The acts and conduct of Defendants were carried out in a deliberate, calculating, willful, intentional, and malicious manner, and with the specific intent to injure Plaintiff and members of the California Subclass.

79. Pursuant to CAL. CIV. CODE § 1780, Plaintiff requests an award of all court costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

**FOR UNFAIR COMPETITION**

**[IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq*..]**

**(Plaintiff and the California Subclass Against All Defendants)**

80. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 79 of this Complaint as though fully set forth herein.

81. Defendants are "persons" as that term is defined under Cal. Bus. & Prof. Code § 17021.

82. Since December 6, 2021, and at all times relevant hereto, by and through the conduct described herein, Defendants have engaged in unfair and unlawful practices by imposing and collecting unenforceable penalty fees disguised as "missed reservation fees" from Plaintiff and the California Subclass in violation of California Civil Code § 1671(d), and have thereby deprived Plaintiff and the California Subclass of fundamental rights and benefits guaranteed to consumers under California law.

83. The foregoing conduct of Defendants constitutes unlawful business



ARIAS SANGUINETTI WANG & TEAM LLP

practices under § 17200 *et seq*. of the California Business and Professions Code as follows: the missed reservation fee ranging from $12 to $65 is a liquidated damage provision within the meaning of Subdivision (d) of § 1671 of the California Civil Code, which provides in part: "A provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount which shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." California law presumes such liquidated damages clauses are void in consumer contracts unless the business justifies it. The missed reservation fee set forth in ClassPass's Terms of Service is fundamentally invalid as a liquidated damages provision because the underlying premise of such provisions—that actual damages exist but are difficult to calculate—is entirely absent here.

84. As detailed extensively above, Defendants suffer no damages whatsoever when a member misses a class. To the contrary, Defendants are fully compensated at the time of booking through the subscriber's prepaid credits and monthly fees, and Defendants actually reduce their operating costs when members do not attend. Where no damages exist at all, there can be no valid liquidated damages provision as a matter of law.

85. The conduct of Defendants as herein alleged also constitutes an unfair business practice within the meaning of Business and Professions Code §§ 17200 *et seq*. separate and apart from being an unlawful business practice. Defendants' missed reservation fee structure is unfair because it:

a) Creates a penalty system causing substantial consumer injury by forcing subscribers who miss classes to pay more than those who attend and receive full benefits;

b) Creates a financial windfall for Defendants when consumers are unable to attend classes, often due to circumstances beyond their control;

c) Offends established public policy favoring fair dealing between businesses and consumers; and

d) Is immoral, unethical, oppressive, and unscrupulous in that it imposes financial penalties on consumers even though Defendants suffer no economic harm.

86. By and through the unfair and unlawful business practices described herein, Defendants have obtained valuable property, money, and services from Plaintiff and the California Subclass, and have deprived Plaintiff and the California Subclass of valuable rights and benefits guaranteed by law, all to their detriment

87. All of the acts described herein as violations of California Civil Code § 1671(d) are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code §17200 *et seq*.

88. Plaintiff and the California Subclass are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff and the California Subclass have been deprived, by virtue of the above-described unfair and unlawful business practices.

89. Plaintiff and the California Subclass are further entitled to, and do, seek a declaration that the above-described business practices are unfair and unlawful and that injunctive relief should be issued restraining Defendants from continuing to enforce the missed reservation fee provisions contained in ClassPass's standard Terms of Service.

90. Plaintiff and the California Subclass have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendants. As a result of the unfair and unlawful business practices described above, Plaintiff and the California Subclass have suffered and will continue to suffer irreparable harm unless

Defendants are restrained from continuing to engage in these unfair and unlawful business practices. In addition, Defendants should be required to disgorge the wrongfully obtained money to Plaintiff and the California Subclass.

91. Pursuant to Business and Professions Code § 17203, Plaintiff seeks an order of this Court enjoining ClassPass from enforcing the missed reservation fee with respect to all current and prospective subscribers to ClassPass's service. Plaintiff also seeks an order enjoining ClassPass from failing and refusing to make full restitution of all monies wrongfully obtained from subscribers who have been required to pay the unlawful missed reservation fee contained in the standard Terms of Service.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of the proposed Class, prays for judgment as follows:

A. Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiff as the representative of the Class and Subclass, and declaring Plaintiff's counsel as counsel for the Class and Subclass;

B. Declaring that Defendants' missed reservation fees are void and unenforceable penalties under New York common law and California Civil Code § 1671(d);

C. Declaring that Defendants' practices, as described herein, violate the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*.;

D. Declaring that Defendants' practices, as described herein, violate California Business and Professions Code §§ 17200, *et seq*.;

E. Ordering Defendants to immediately cease the wrongful conduct as set forth above and enjoining Defendants from continuing to charge, collect, or enforce missed reservation fees;

F. Ordering Defendants to make full restitution of all monies wrongfully obtained from Plaintiff and the Class members;



ARIAS SANGUINETTI WANG & TEAM LLP

G. Ordering disgorgement of Defendants' ill-gotten gains, including all revenue generated from missed reservation fees;

H. Awarding Plaintiff and the Class members actual, compensatory, and consequential damages in an amount to be determined at trial;

I. Awarding Plaintiff and the California Subclass exemplary and punitive damages against Defendants for their violations of the CLRA, in an amount sufficient to punish Defendants and deter similar conduct in the future, subject to Plaintiff's compliance with the notice requirements of California Civil Code § 1782(a) and subsequent amendment of this complaint;

J. Awarding Plaintiff and the Class pre-judgment and post-judgment interest as permitted by law;

K. Awarding Plaintiff and the Class reasonable attorneys' fees, costs, and expenses, as permitted by law and/or equity;

L. Ordering such other and further relief as may be just and proper.

Dated: June 2, 2025

**ARIAS SANGUINETTI WANG & TEAM LLP**

By: */s/Mickel M. Arias*

MICKEL M. ARIAS, ESQ.
ARNOLD C. WANG, ESQ.
ISAAC MANOFF, ESQ.

*Attorneys for Plaintiff and the Putative Class*

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiff demands a trial by jury of all issues so triable.

Dated: June 2, 2025

**ARIAS SANGUINETTI WANG & TEAM LLP**

By: */s/Mickel M. Arias*

MICKEL M. ARIAS, ESQ.
ARNOLD C. WANG, ESQ.
ISAAC MANOFF, ESQ.

*Attorneys for Plaintiff and the Putative Class*